# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY VANCE, RONEICIA BROWNING,** | § | |
| **Individually and as Personal Representative** | § | |
| **of the Estate of ROBERT BROWNING,** | § | |
| **VICTORIA GONZALEZ, MARILYN BATES,** | § | |
| **Individually and as Personal Representative of** | § | |
| **the Estate of ARTHUR NEILL BATES,** | § | |
| **DONNIE COLLINS, GEORGE DUNNING,** | § | |
| **STEPHANIE GEE, RAYVEN RICHARDS,** | § | |
| **DILDRA SEATON, Individually and as** | § | |
| **Personal Representative of the Estate of** | § | |
| **HAROLD SEATON, SHERRICE BELL,** | § | |
| **Individually and as Personal Representative** | § | |
| **of the Estate SUSAN TURNER, BALANCE** | § | |
| **BRYANT, TRICIA FROISETH, Individually** | § | |
| **and as Personal Representative Estate of** | § | |
| **ROBERT GAYLON DEAN, BENJAMIN** | § | |
| **WRIGHT, JR., Individually and as Personal** | § | **CIVIL ACTION NO.** |
| **Representative of the Estate of BENJAMIN** | § | _____ |
| **WRIGHT SR., ROBERT BAILEY, EVELYN** | § | |
| **NELSON, Individually and as Personal** | § | |
| **Representative of the Estate of JAMES** | § | |
| **NELSON, WILLIAM PATE, BLAXSIE MAE** | § | |
| **CROSS, BILLIE SUE McCLANAHAN,** | § | |
| **Individually and as Personal Representative** | § | |
| **of the Estate of JOHN WALLACE** | § | |
| **McCLANAHAN, FELICIA BRADLEY,** | § | |
| **Individually and as Personal Representative** | § | |
| **of the Estate of PAUL EDWARD BRADLEY,** | § | |
| **KIMBERLY BOWSER, DONALD TERRELL,** | § | |
| **Individually and as Personal Representative** | § | |
| **of the Estate of SUE NELL TERRELL** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **SAFETY-KLEEN SYSTEMS, INC.** | § | |

## DEFENDANT SAFETY-KLEEN SYSTEMS, INC.'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant **SAFETY-KLEEN SYSTEMS, INC.** (the "Removing Defendant") hereby removes

the above-entitled action to this Court based upon the supporting grounds set forth below. Removing Defendant, appearing solely for the purpose of this Removal and for no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, states as follows:

## THE REMOVED CASE

1.      On or about July 12, 2021, an action was commenced in the County Court at Law No. 4 of Dallas County, Texas, captioned *Rodney Vance; Roneicia Browning, individually and as Personal Representative of the Estate of Robert Browning; Victoria Gonzalez; Marilyn Bates, individually and as Personal Representative of the Estate of Arthur Neill Bates; Donnie Collins; George Dunning; Stephanie Gee; Rayven Richards; Dildra Seaton, individually and as Personal Representative of the Estate of Harold Seaton; Sherrice Bell, individually and as Personal Representative of the Estate of Susan Turner; Balance Bryant; Tricia Froiseth, individually and as Personal Representative of the Estate of Robert Gaylon Dean; Benjamin Wright Jr., individually and as Personal Representative of the Estate of Benjamin Wright Sr.; Robert Bailey; Evelyn Nelson, individually and as Personal Representative of the Estate of James Nelson; William Pate; Blaxsie Mae Cross; Billie Sue McClanahan, individually and as Personal Representative of the Estate of John Wallace McClanahan; Felicia Bradley, individually and as Personal Representative of the Estate of Paul Edward Bradley; Kimberly Bowser; Donald Terrell, individually and as Personal Representative of the Estate of Sue Nell Terrel v. Safety-Kleen Systems, Inc.*, Cause No. CC-21-02778-D.  A true and correct copy of Plaintiffs' Citation and Original Petition are annexed hereto as Exhibit "A".

## TIMELINESS OF REMOVAL

2.      Defendant Safety-Kleen Systems, Inc. was first served with a copy of the Petition on August 19, 2021.

3.      This Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days of receipt of a copy of the annexed Citation and Petition.

## CONSENT TO REMOVAL

4.      Removing Defendant is the sole Defendant is therefore not required to gain the consent of any Defendant who has not been properly joined or served.

5.      Accordingly, all defendants properly joined and served consent to this Notice of Removal.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

6.      Plaintiffs allege significant personal injuries as a result of exposure to solvents provided by Defendants.

7.      Plaintiffs allege that they suffered and will continue to suffer pain and agony in mind and body and that they are unable to attend to their duties.[1]

8.      As required by 28 U.S.C. § 1332(a), the Petition's prayer for relief states that Plaintiffs seek damages "in excess of $1,000,000".  *See* Ex. A, Sec. IX.

## REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

9.      Removal of this action is proper under 28 U.S.C. § 1441(a) because this is a civil action over which the federal district courts would have had original diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  As further required by 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiffs and Removing Defendant.

---

[1] Removing Defendant denies that Plaintiffs are entitled to any relief, but that position is immaterial for the purpose of determining the amount in controversy.

10.     As admitted in the Petition, Plaintiff Rodney Vance is a resident of the State of Texas.  *See* Ex. A., ¶ 9.

11.     As admitted in the Petition, Plaintiff Roneicia Browning, suing individually and as Personal Representative of the Estate of Robert Browning, is a resident of the State of Texas.  *See* Ex. A., ¶ 10.

12.     As admitted in the Petition, Plaintiff Victoria Gonzalez is a resident of the State of Texas.  *See* Ex. A., ¶ 11.

13.     As admitted in the Petition, Plaintiff Marilyn Bates**,** suing individually and as Personal Representative of the Estate of Arthur Neill Bates, is a resident of the State of Texas. *See* Ex. A., ¶ 12.

14.     As admitted in the Petition, Plaintiff Donnie Collins is a resident of the State of Texas.  *See* Ex. A., ¶ 13.

15.     As admitted in the Petition, Plaintiff George Dunning is a resident of the State of Texas.  *See* Ex. A., ¶ 14.

16.     As admitted in the Petition, Plaintiff Stephanie Gee is a resident of the State of Texas.  *See* Ex. A., ¶ 15.

17.     As admitted in the Petition, Plaintiff Rayven Richards is a resident of the State of Texas.  *See* Ex. A., ¶ 16.

18.     As admitted in the Petition, Plaintiff Dildra Seaton**,** suing individually and as Personal Representative of the Estate of Harold Seaton, is a resident of the State of Texas.  *See* Ex. A., ¶ 17.

19.     As admitted in the Petition, Plaintiff Sherrice Bell**,** suing individually and as Personal Representative of the Estate of Susan Turner, is a resident of the State of Texas.  *See* Ex. A., ¶ 18.

20.     As admitted in the Petition, Plaintiff Balance Bryant is a resident of the State of Texas.  *See* Ex. A., ¶ 19.

21.     As admitted in the Petition, Plaintiff Tricia Froiseth**,** suing individually and as Personal Representative of the Estate of Robert Gaylon Dean, is a resident of the State of Texas.  *See* Ex. A., ¶ 20.

22.     As admitted in the Petition, Plaintiff Benjamin Wright Jr., suing individually and as Personal Representative of the Estate of Benjamin Wright Sr., is a resident of the State of Texas.  *See* Ex. A., ¶ 21.

23.     As admitted in the Petition, Plaintiff Robert Bailey is a resident of the State of Texas.  *See* Ex. A., ¶ 22.

24.     As admitted in the Petition, Plaintiff Evelyn Nelson, suing individually and as Personal Representative of the Estate of Benjamin Nelson, is a resident of the State of Texas.  *See* Ex. A., ¶ 23.

25.     As admitted in the Petition, Plaintiff William Pate is a resident of the State of Texas.  *See* Ex. A., ¶ 24.

26.     As admitted in the Petition, Plaintiff Blaxsie Mae Cross is a resident of the State of Texas.  *See* Ex. A., ¶ 25.

27.     As admitted in the Petition, Plaintiff Billie Sue McClanahan, suing individually and as Personal Representative of the Estate of John Wallace McClanahan, is a resident of the State of Texas.  *See* Ex. A., ¶ 26.

28.     As admitted in the Petition, Plaintiff Felicia Bradley, suing individually and as Personal Representative of the Estate of Paul Edward Bradley, is a resident of the State of Texas.  *See* Ex. A., ¶ 27.

29.     As admitted in the Petition, Plaintiff Kimberley Bowser**,** adult child of Paul Edward Bradley, is a resident of the State of Texas.  *See* Ex. A., ¶ 28.

30.     As admitted in the Petition, Plaintiff Donald Terrell, suing individually and as Personal Representative of the Estate of Sue Nell Terrell, is a resident of the State of Texas.  *See* Ex. A., ¶ 30.

31.     Accordingly, as admitted in the Petition, each of the twenty-one (21) Plaintiffs are residents of the State of Texas.  *See* Ex. A., ¶¶ 9-28, 30.

32.     Upon information and belief, Plaintiffs thus are not citizens of any other jurisdiction for the purposes of 28 U.S.C. § 1332.

33.     Removing Defendant is, and at all relevant times was, a corporation organized under the laws of the State of Wisconsin.  A true and correct copy of Removing Defendant's business information from the Wisconsin Department of State is annexed hereto as Exhibit "B".

34.     Removing Defendant's principal place of business at the time that the Petition was filed is the Commonwealth of Massachusetts.  A true and correct copy of Removing Defendant's Business Entity Summary from the Commonwealth of Massachusetts, Corporations Division is annexed hereto as Exhibit "C".

35.     Removing Defendant is thus a citizen of the State of Wisconsin and the Commonwealth of Massachusetts for the purposes of diversity in this matter.

36.     Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, and Plaintiffs and Removing Defendant are citizens of different States.

## STATE COURT PLEADINGS

37.     Copies of all process, pleadings and orders that Removing Defendant received are annexed hereto as Exhibit "D," pursuant to 28 U.S.C. § 1446(a).

## VENUE IS PROPER

38.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Northern District of Texas, Dallas Division is the federal judicial district embracing the County Court at Law No. 4 of Dallas County, Texas, where the underlying state court action was originally filed.

## NOTICE TO STATE COURT

39.     Removing Defendant will file a copy of this Notice of Removal in the County Court, Dallas County, and will promptly thereafter serve a copy of the same upon the other parties to this action pursuant to 28 U.S.C. § 1446(d).

## THIS NOTICE IS PROCEDURALLY CORRECT

40.     Removing Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

    a.  Index of all documents filed in the State Action;

    b.  Docket Sheet in the State Action;

    c.  Copies of all process, pleadings and orders filed in State court; and

    d.  Signed Disclosure Statement and Certificate of Interested Persons.

41.     Removing Defendant is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

42.     Removing Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiffs challenge the allegations in a motion to remand or other filing.

43.     Plaintiffs have demanded a jury trial in the State Court Action.

44.     Trial has not commenced in the County Court at Law No. 4.

**WHEREFORE**, Defendant Safety-Kleen Systems, Inc. gives notice that the above-captioned action commenced in the County Court at Law No. 4 of Dallas County, Texas, has been removed to this Court.

Dated: September 13, 2021
       Dallas, Texas

By: */s/ Jonathan C. LaMendola*
    **JONATHAN C. LaMENDOLA**
    Texas Bar No. 00792637
    jlamendola@cobbmartinez.com

    **COBB MARTINEZ WOODWARD PLLC**
    1700 Pacific Avenue, Suite 3100
    Dallas, Texas 75201
    (214) 220-5204
    (214) 220-5254 (Fax)

    **ATTORNEYS FOR DEFENDANT**
    **SAFETY-KLEEN SYSTEMS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of this document has been forwarded to the following counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 13th day of September, 2021:

Kurt Arnold                                   Mark Mueller
Caj D, Boatright                              Mueller Law, PLLC
Roland T. Christensen                         404 W. 7th Street
Joseph F. McGowin                             Austin, TX 78701
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007

Chuck Cowan
The Law Offices of C.D. Cowan, P.C.
414 S. Bonner Avenue
Tyler, TX 75702


*/s/ Jonathan C. LaMendola*
**JONATHAN C. LaMENDOLA**