

ON TIME PROCESS
1-800-274-5804
8-11-T 8-19-21 Ave
date                time

## THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-21-02778-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

| ATTORNEY |
| --- |
| CITATION |
| PLAINTIFFS' ORIGINAL PETITION |

### CC-21-02778-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
**Dallas County, Texas**

RODNEY VANCE; RONEICIA BROWNING;
VICTORIA GONZALEZ; MARILYN BATES;
DONNIE COLLINS; GEORGE DUNNING;
STEPHANIE GEE; RAYVEN RICHARDS;
DILDRA SEATON; SHERRICE BELL;
BALANCE BRYANT; TRICIA FROISETH;
BENJAMIN WRIGHT, Jr.; ROBERT BAILEY;
EVELYN NELSON; WILLIAM PATE; BLAXSIE
MAE CROSS; BILLIE SUE MCCLANAHAN;
FELICIA BRADLEY; KIMBERLY BOWSER;
DONALD TERRELL, *Plaintiff(s)*

**VS.**

SAEFTY-KLEEN SYSTEMS, INC., *Defendant(s)*

**TO:**

SAEFTY-KLEEN SYSTEMS, INC.
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.



RODNEY VANCE; RONEICIA BROWNING INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT BROWNING; VICTORIA GONZALEZ MARILYN BATES INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARTHUR NEILL BATES ; DONNIE COLLINS; GEORGE DUNNING; STEPHANIE GEE; RAYVEN RICHARDS; DILDRA SEATON INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF HAROLD SEATON; ; SHERRICE BELL INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUSAN TURNER ; BALANCE BRYANT; TRICIA FROISETH INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT GAYLON DEAN ; BENJAMIN WRIGHT, Jr. INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN WRIGHT SR ; ROBERT BAILEY; EVELYN NELSON INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES NELSON; WILLIAM PATE; BLAXSIE MAE CROSS; BILLIE SUE MCCLANAHAN INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN WALLACE MCCLANAHAN ; FELICIA BRADLEY INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL EDWARD BRADLEY ; KIMBERLY BOWSER INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUE NELL TERRELL ; DONALD TERRELL
*Plaintiff(s)*

**SERVE:**

SAEFTY-KLEEN SYSTEMS, INC.
SERVE ITS REGISTERED AGENT CT
CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

**ISSUED THIS**
**12TH DAY OF JULY, 2021**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

KURT B. ARNOLD
ARNOLD & ITKIN LLP
6009 MEMORIAL DR
HOUSTON TX  77098
713-222-3800

**VS.**

SAEFTY-KLEEN SYSTEMS, INC.
*Defendant(s)*

filed in said Court on the 9th day of July, 2021, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 12th day of July, 2021 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez



EXHIBIT A

**NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK**

**OFFICER'S RETURN**

CC-21-02778-D      County Court at Law No. 4

RODNEY VANCE, RONEICIA BROWNING, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT BROWNING, VICTORIA GONZALEZ et al vs. SAEFTY-KLEEN SYSTEMS, INC.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE  900
DALLAS TX  75201-3136

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .m., and executed in _____ County, Texas by delivering to SAEFTY-KLEEN SYSTEMS, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy       $_____        _____ , Officer

Total   $_____        _____ , County, Texas

By:_____ , Deputy

_____ , Affiant

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 55240185
Status as of 7/12/2021 10:21 AM CST

Associated Case Party: RODNEY VANCE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kurt Arnold | | e-service@arnolditkin.com | 7/12/2021 10:21:07 AM | SENT |

FILED
7/9/2021 11:36 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-02778-D

| | | |
|---|---|---|
| Rodney Vance; Roneicia Browning, individually and as Personal Representative of the Estate of Robert Browning; Victoria Gonzalez; Marilyn Bates, individually and as Personal Representative of the Estate of Arthur Neill Bates; Donnie Collins; George Dunning; Stephanie Gee; Rayven Richards; Dildra Seaton, individually and as Personal Representative of the Estate of Harold Seaton; Sherrice Bell, individually and as Personal Representative of the Estate of Susan Turner; Balance Bryant; Tricia Froiseth, individually and as Personal Representative of the Estate of Robert Gaylon Dean; Benjamin Wright Jr., individually and as Personal Representative of the Estate of Benjamin Wright Sr.; Robert Bailey; Evelyn Nelson, individually and as Personal Representative of the Estate of James Nelson; William Pate; Blaxsie Mae Cross; Billie Sue McClanahan, individually and as Personal Representative of the Estate of John Wallace McClanahan; Plaintiff Felicia Bradley, individually and as Personal Representative of the Estate of Paul Edward Bradley; Kimberly Bowser; Donald Terrell, individually and as Personal Representative of the Estate of Sue Nell Terrell; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | IN THE COUNTY COURT OF<br><br><br>DALLAS COUNTY, TEXAS<br><br><br>COURT AT LAW NO. _____ |
| *Plaintiffs*, | § § | |
| v. | § § § | |
| Safety-Kleen Systems, Inc. | § § | |
| *Defendant*. | § § | |

**PLAINTIFFS' ORIGINAL PETITION**

Rodney Vance; Roneicia Browning, suing individually and as Personal Representative of the Estate of Robert Browning; Victoria Gonzalez; Marilyn Bates, individually and as Personal Representative of the Estate of Arthur Neill Bates; Donnie Collins; George Dunning; Stephanie Gee; Rayven Richards; Dildra Seaton, individually and as Personal Representative of the Estate of Harold Seaton; Sherrice Bell, individually and as Personal Representative of the Estate of Susan Turner; Balance Bryant; Tricia Froiseth, individually and as Personal Representative of the Estate of Robert Gaylon Dean; Benjamin Wright Jr., individually and as Personal Representative of the Estate of Benjamin Wright Sr.; Robert Bailey; Evelyn Nelson, individually and as Personal Representative of the Estate of James Nelson; and William Pate ("Plaintiffs") complain of Safety-Kleen Systems, Inc. ("Defendant") and will respectfully show the Court the following:

## I.

### NATURE OF ACTION

1.      This lawsuit is necessary as a result of Plaintiffs developing serious illnesses, including but not limited to kidney cancer and non-Hodgkin's lymphoma cancer as a direct and proximate result of chemical exposure during their work at the Carrier Corporation air conditioning manufacturing facility in Tyler, Texas. Said chemical were produced manufacturer and otherwise provided to Plaintiffs' place of employment by Defendant.

## II.

### DISCOVERY

2.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

2

## III.

### JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction in this case because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4.      This case is not removable pursuant to of 28 U.S.C. 1441. Specifically, the Defendant in this action is a local, Texas-based entity.

5.      This Court has personal jurisdiction over all parties to this case. Defendant is a for-profit corporations doing business in Texas as defined in TEX. CIV. PRAC. & REM. CODE § 17.042. In addition to contracting with Texas entities and committing torts in Texas as described below, Defendant maintains and has maintained its principal office, in Dallas County, Texas.

6.      Venue is proper in Dallas County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because Defendant maintains its principal office for the State of Texas, its decision maker for the organization within the State of Texas. That is, Defendant's employees in Dallas County are "decision makers" for the company and have "substantially equal responsibility and authority" relative to other company officials within the state. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 217, 220 (Tex. 1999). Indeed, Defendant's website explicitly states that it is headquartered in Dallas County, Texas:



3

https://www.safety-kleen.com/contact-us.[1]

7.     Venue is also proper in Dallas County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because Defendant maintains an office in the county at which the amount of activity is significantly larger and substantially predominates in Dallas County, Texas, rendering it the principal office for the corporation.

## IV.

### TOLLING OF STATUTE OF LIMITATIONS

8.     Plaintiffs did not and could not have reasonably discovered during his employment at Carrier that his injuries and life-threatening disease resulted from of his occupational exposure to dangerous chemicals. At the time of his cancer diagnosis, Plaintiffs did not and could not have reasonably discovered that their cancer and/or illnesses were caused by harmful exposure to trichloroethylene and benzene during the course of their employment at Carrier's Tyler, Texas plant.

## V.

### PARTIES

9.     Plaintiff **Rodney Vance** is a resident of Texas. Plaintiff Rodney Vance developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

10.     Plaintiff **Roneicia Browning,** suing individually and as Personal Representative of the Estate of Robert Browning, is a resident of Texas. Decedent Robert Browning developed

---

[1] Defendant's website as of July 9, 2021.

4

injuries and damages including, but not limited to kidney cancer as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

11.     Plaintiff **Victoria Gonzalez** is a resident of Texas. Plaintiff Victoria Gonzalez developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

12.     Plaintiff **Marilyn Bates,** suing individually and as Personal Representative of the Estate of Arthur Neill Bates, is a resident of Texas. Plaintiff Decedent Bates developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma and multiple myeloma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

13.     Plaintiff **Donnie Collins** is a resident of Texas. Plaintiff Collins developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

14.     Plaintiff **George Dunning** is a resident of Texas. Plaintiff Dunning developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

15.     Plaintiff **Stephanie Gee** is a resident of Texas. Plaintiff Gee developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

16.     Plaintiff **Rayven Richards** is a resident of Texas. Plaintiff Richards injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

17.     Plaintiff **Dildra Seaton,** suing individually and as Personal Representative of the Estate of Harold Seaton, is a resident of Texas. Decedent Seaton developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

18.     Plaintiff **Sherrice Bell,** suing individually and as Personal Representative of the Estate of Susan Turner, is a resident of Texas. Decedent Bell developed injuries and damages including, but not limited to multiple myeloma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

19.     Plaintiff **Balance Bryant** is a resident of Texas. Plaintiff Bryant developed injuries and damages including, but not limited to kidney cancer as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

20.     Plaintiff **Tricia Froiseth,** suing individually and as Personal Representative of the Estate of Robert Gaylon Dean, is a resident of Texas. Decedent Dean developed injuries and damages including, but not limited to multiple myeloma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

21.     Plaintiff **Benjamin Wright Jr.,** suing individually and as Personal Representative of the Estate of Benjamin Wright Sr., is a resident of Texas. Decedent Wright developed injuries and damages including, but not limited to kidney cancer as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

22.     Plaintiff **Robert Bailey** is a resident of Texas. Plaintiff Bailey developed injuries and damages including, but not limited to kidney cancer as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

23.     Plaintiff **Evelyn Nelson,** suing individually and as Personal Representative of the Estate of Benjamin Nelson, is a resident of Texas. Decedent Nelson developed injuries and damages including, but not limited to Non-Hodgkins Lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

24.     Plaintiff **William Pate** is a resident of Texas. Plaintiff Pate developed injuries and damages including, but not limited to leukemia as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

25.     Plaintiff **Blaxsie Mae Cross** is a resident of Texas. Plaintiff Pate developed injuries and damages including, but not limited to kidney cancer as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

26.     Plaintiff **Billie Sue McClanahan,** suing individually and as Personal Representative of the Estate of John Wallace McClanahan, is a resident of Texas. Decedent McClanahan developed injuries and damages including, but not limited to multiple myeloma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

27.     Plaintiff **Felicia Bradley,** suing individually and as Personal Representative of the Estate of Paul Edward Bradley, is a resident of Texas. Decedent Bradley developed injuries and damages including, but not limited to multiple myeloma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

28.     Plaintiff **Kimberley Bowser**, adult child of Paul Edward Bradley, is a Texas resident who sustained injuries and damages when her father died as a result of multiple myeloma due to exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

29.     TCE and benzene containing products while working at Carrier's Tyler, TX plant.

30.     Plaintiff **Donald Terrell,** suing individually and as Personal Representative of the Estate of Sue Nell Terrell, is a resident of Texas. Decedent Terrel developed injuries and damages including, but not limited to lymphoma as a result of exposure to Defendant's TCE and benzene containing products while working at Carrier's Tyler, TX plant.

31.     Defendant **Safety-Kleen Systems, Inc.** may be served with process, by and through, its registered agent: C T Corp System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**VI.**

**FACTS**

32.     Plaintiffs worked for Carrier Corporation in the press shop, coil shop, and other areas of the Tyler, TX air conditioning plant during and after the times at which Defendant supplied trichloroethylene ("TCE") and benzene to the facility. During that employment, Plaintiff was frequently exposed to TCE and benzene.

33.     At all relevant times, Defendant supplied Carrier with chemical solvents containing TCE, including but not limited to a solvent known as "105 Solvent", to be used by Carrier as a degreasing agent. Among other ingredients, the 105 Solvent contained TCE and benzene.

8

34.    TCE is a chemical solvent mainly used in industrial and commercial processes, including vapor degreasing. Vapor degreasing is a cleaning process for fabricated parts that involves heating solvents like TCE in a degreasing unit to a hot vapor. The vapor condenses onto parts placed in the unit and carries contaminants away from those parts as it beads and then drips off. Plaintiffs were exposed to TCE and benzene in this manner, and in other ways, during their time at Carrier.

35.    Much of what is known about the human health effects of TCE and benzene is based on occupational exposures. Workplace exposure to TCE carries serious health risks, including the risk of non-Hodgkin's lymphoma cancer. These health risks were known at the time of Plaintiffs' employment.

36.    TCE is classified by the Environmental Protection Agency ("EPA") as a known human carcinogen. TCE is also classified as a HAP as defined by Section 112(b) of the Clean Air Act. TCE is further defined as a halogenated solvent under EPA statutory definitions. See 40 CFR Subpart 63.460. Under the latter provision, Carrier was required to submit annual reports to the EPA.

37.    Carrier's Tyler plant was a significant emitter of both Hazardous Air Pollutants (HAPs) and Volatile Organic Compounds (VOCs), specifically stemming from its TCE consumption.

38.    As a direct result of their frequent exposure to TCE, benzene, and/or other hazardous chemicals, Plaintiffs developed non-Hodgkin's lymphoma, kidney cancer, and other life-threatening ailments.

39.    Defendant sold, provided, manufactured, delivered, and/or otherwise made available TCE, benzene, and other hazardous chemicals to Defendant Carrier for use at its

Tyler, TX facility. Defendant's principal place of business and "nerve center" where business decisions are made is in Richardson, TX.

40.    An internal memorandum from Defendant's then-Product and Process Development Manager Paul Dittmar evinced Defendant's prior knowledge as to the hazardous, carcinogenic effects of its product. In his memorandum, Dittmar emphasized the dangerous level of contamination in Defendant's products, including 105 Solvent, specifically, but not limited to, the presence of benzene. Dittmar additionally implored Defendant to utilize a different technology known as fractional distillation in order to eliminate benzene and drastically reduce the 105 Solvent's chlorinated content. Dittmar further demonstrated that such a technological shift would have a negligible financial impact on Defendant's production costs.

41.    Nevertheless, Defendant chose not to opt for this inexpensive, less dangerous, and ethical option in designing, producing, manufacturing, and distributing its product.

42.    Defendant concealed from consumers including Plaintiff that its product was contaminated with highly toxic carcinogens, including, but not limited to, benzene, TCE, tetrachloroethylene, and many other known toxic substances, which Defendant knew had deleterious effects on human health of those exposed to said substances.

43.    Plaintiffs were resultant exposed to dangerous amounts of benzene through the regular and foreseeable use of the Safety-Kleen 105 solvent.

44.    Specifically, the 105 Solvent would flow in a stream through the air in an open system, causing the carcinogens in the solvent to volatilize in the immediate breathing area of the persons near the parts washer and/or degreaser units, causing Plaintiffs to inhale the toxic, carcinogenic chemicals.

45.    Because of Defendant's wrongful conduct described herein, Plaintiffs suffered serious and lasting injuries.

## VII.

### CAUSES OF ACTION

#### A.  *Products Liability Against Defendant*

46.    Plaintiffs incorporate all prior paragraphs herein by reference.

47.    Defendant is liable under Section 82.003(a) of the Texas Civil Practice and Remedies Code as a non-manufacturing seller because Defendant is engaged in the business of distributing or otherwise placing, for commercial purposes, into the stream of commerce TCE, benzene, and other hazardous chemicals.

48.    Defendant is liable under a products liability theory pursuant to Section 82.003(a) of the Texas Civil Practice and Remedies Code because it participated in the design of the product and/or modified the product and Plaintiffs' harms resulted from the design, alteration, or modification. Additionally, Defendant either had actual or constructive knowledge of the dangerous condition of the TCE, benzene, and other hazardous chemicals when they sold it for use in Plaintiffs' workplace.

49.    Defendant manufactured, designed, distributed, and/or sold the TCE, benzene, and other hazardous chemicals which injured Plaintiffs, with design, manufacturing, and/or marketing defects.

50.    ***Manufacturing Defect***: The equipment was designed, manufactured, distributed, and/or sold with one or more manufacturing defects. Defendant sold the defective TCE, benzene, and other hazardous chemicals and allowed a deviation in the quality of construction, assembly, installation, plan, and/or specifications rendering the TCE, benzene,

11

and other hazardous chemicals unreasonably dangerous. Specifically, the combination of the defective TCE, benzene, and other hazardous chemicals rendered the chemicals unreasonably dangerous.

51.      ***Design Defect***: The equipment was designed, manufactured, distributed and/or sold with one or more design defects:

      a.  Defendant designed the TCE, benzene, and other hazardous chemicals in an unreasonably dangerous manner;

      b.  Defendant knew of safer alternative designs that were available at the time;

      c.  The safer alternative designs would have prevented or significantly reduced the above risks without substantially impairing product's utility;

      d.  The safer alternative design was economically and technologically feasible at the time the TCE, benzene, and other hazardous chemicals left the control of Defendant; and

      e.  The design defect(s) rendered the TCE, benzene, and other hazardous chemicals unreasonably dangerous.

52.      ***Marketing Defect and Failure to Warn***: The TCE, benzene, and other hazardous chemicals were designed, manufactured, distributed, and/or sold with one or more marketing defects:

      a.  There was an unreasonable risk in the intended or reasonably foreseeable use of such TCE, benzene, and other hazardous chemicals;

      b.  Defendant knew, foresaw, or should have known of or foreseen the above risks;

      c.  Defendant failed to adequately warn Plaintiffs of the risks, failed to instruct

Plaintiffs of the above risks, and/or failed to adequately instruct Plaintiffs how to avoid the dangers;

d.  The marketing defect(s) rendered the TCE, benzene, and other hazardous chemicals unreasonably dangerous.

53.     The design, manufacturing, and/or marketing defect(s), rendered the TCE and benzene unreasonably dangerous.

54.     Plaintiffs are also entitled to exemplary damages because the aforementioned actions and/or inactions of Defendant amounts to gross negligence. Defendant was aware of the risks involved with using these chemicals and nevertheless proceeded in a fashion that constitutes conscious indifference to Plaintiffs' safety and welfare. Defendant's actions and/or inactions, viewed objectively, subjected Plaintiffs to an extreme degree of danger.

55.     As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiffs sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and medical problems. Plaintiffs have also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### B. Negligence

56.     Plaintiff incorporates by reference preceding paragraphs as though fully stated herein.

57.     Plaintiffs used, worked with, around, and in close proximity to, handled, inhaled, dermally absorbed, ingested, and was otherwise directly and indirectly exposed to Defendant's various aforementioned TCE and benzene-containing products, chemicals, and solvents, including, without limitation, the 105 Solvent in both its recycled and virgin forms.

13

58.   Defendant knew, or in the exercise of reasonable care should have known, that employees including Plaintiffs would use, work with, around, and in close proximity to, handle, inhale, dermally absorb, ingest, and otherwise be directly and indirectly exposed to hazardous chemicals such as TCE and benzene in the form of products including 105 Solvent.

59.   Defendant, knew or with the exercise of reasonable care should have known, that their aforementioned benzene and TCE-containing products, including, without limitation, the 105 Solvent were highly carcinogenic, inherently defective, ultra-hazardous, unreasonably dangerous, poisonous, and otherwise highly harmful to the body and health of Plaintiffs and other employees similarly situated.

60.   Plaintiffs and other similarly situated Carrier employees did not know the nature and extent of the danger to their bodies and health, including the advanced risk for non-Hodgkin's lymphoma, cancer, endocrinic and liver diseases and damage, and other maladies caused directly by exposure to the aforementioned benzene and TCE-containing products, including, without limitation, 105 Solvent.

61.   Defendant knew, or with the exercise of reasonable care should have known, that Plaintiffs and other similarly situated employees would come into direct and indirect contact with, handle, inhale, ingest, dermally absorb, and otherwise be exposed to benzene and TCE through their products, including, without limitation, 105 Solvent, during their ordinary and foreseeable use.

62.   Defendant had a duty to all consumers, workers, and employers to exercise reasonable care in creating, manufacturing, designing, producing, processing, marketing, selling, warning, distributing, and otherwise placing their product into the stream of commerce. This includes a duty to assure that their products, chemicals, and solvents did not pose a risk

14

of injury, harm, disease, and death, including cancers such as non-Hodgkin's Lymphoma, as well as other diseases and damages directly attributable to their product.

63.     Defendant breached its duty and was negligent as, despite their knowledge of the aforementioned defects and hazardous effects of their products, it nonetheless:

      a.     manufactured, produced, designed, processed, sold, marketed, supplied, distributed, and/or otherwise placed into the stream of commerce their various TCE and benzene-containing products, chemicals, and solvents, including but without limitation 105 Solvent, that they knew to be carcinogenic and at risk for causing other significant liver, endocrinic, and neurological impairment, dysfunction, and damage;

      b.     Failed to take adequate precautions to warn Plaintiffs and similarly situated employees that their products were carcinogenic and known to also result in liver, endocrinic, and neurological impairment, dysfunction, and damage;

      c.     Failed to take adequate precautions to warn Plaintiffs and similarly situated employees of reasonably safe, sufficient, and necessary safeguards, personal protective equipment, apparel, appliances, and controls to reasonably protect them from exposure to the risks inherent in their aforementioned products;

      e.     Continued to manufacture, produce, distribute, sell, process, market, and otherwise place into the stream of commerce these products which were at all times known by Defendant to be highly carcinogenic and/or associated with liver, endocrinic, and neurological impairment,

dysfunction, and damage;

f.    Failed to comply with all federal, state, local, and trade statutes, codes, regulations, laws, and ordinances relating to TCE and benzene, including actions required to determine and analyze the hazardous qualities of their products and the warnings and instructions accompanying the same, pursuant to, and without limitation, 29 CFE 1910.1200, CFR 1910.1028, and 49 CFR Parts 100-199;

g.    Failed to take all reasonable, necessary, proper, and prudent measures to test their aforementioned products to determine the content and quantity of benzene and TCE released into the breathing zone of the end user and dermally absorbed by the user during these products' ordinary, intended, and foreseeable use;

h.    Failed to test these products for health hazards, including the substantial risk of cancer (including non-Hodgkin's lymphoma) and other liver, endocrinic, and neurological impairments, dysfunction, and damages.

64.    As a direct and proximate result of Defendant's acts and omissions, Plaintiffs developed, suffers, and will continue to suffer from life-threatings illnesses including non-Hodgkin's lymphoma, kidney cancer, multiple myeloma, and the numerous side effects, conditions, and illnesses caused by these illnesses, which have caused and will continue to cause Plaintiffs pain, suffering, disability, impairment, mental anguish, physical harm, and a substantially increased risk for a shorter life expectancy, In addition, as a direct and proximate result of Defendant's acts and omissions, Plaintiffs require ongoing, necessary medical treatment for their injuries, which in turn necessitates and will continue to necessitate

hospitalizations, medicines, and other treatment for their illnesses and injuries and will incur additional, substantial economic expenses and losses.

## VIII.

### JURY TRIAL

65.     Plaintiffs hereby request a trial by jury on all claims and submits their jury fee herewith.

## IX.

### PRAYER

Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs affirmatively state that they seek damages in excess of $1,000,000 and prays for relief and judgment, as follows:

- Compensatory damages against Defendant;

- Actual damages;

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future wage loss;

- Past and future medical costs;

- Interest on damages (pre-judgment and post-judgment) in accordance with the law;

- Costs of court;

- Expert witness fees;

- Cost of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Kurt Arnold*
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph F. McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Chuck Cowan*
C.D. "Chuck" Cowan
State Bar No. 04911150
chuckcowan@tyler.net
THE LAW OFFICES OF C.D. COWAN, P.C.
414 S Bonner Ave, Tyler, TX 75702
Tel: (903) 597-5500
Fax: (903) 597-5598

**ATTORNEY FOR PLAINTIFFS**


*/s/ Mark Mueller*
Mark Mueller
State Bar No. 14623500
mark@muellerlaw.com
MUELLER LAW, PLLC
404 W. 7th St.
Austin, Texas 78701
Tel: 512-478-1236
Fax: 512-478-1473

**ATTORNEY FOR PLAINTIFFS**

19

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cristal Becerra on behalf of Kurt Arnold
Bar No. 24036150
cbecerra@arnolditkin.com
Envelope ID: 55192437
Status as of 7/12/2021 8:39 AM CST

Associated Case Party: RODNEY VANCE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kurt Arnold | | e-service@arnolditkin.com | 7/9/2021 11:36:47 AM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 7/9/2021 11:36:47 AM | SENT |
| Joseph McGowin | | jmcgowin@arnolditkin.com | 7/9/2021 11:36:47 AM | SENT |
| Mark R. Mueller | 14623500 | mark@muellerlaw.com | 7/9/2021 11:36:47 AM | SENT |
| C.D. "Chuck"Cowan | | chuckcowan@tyler.net | 7/9/2021 11:36:47 AM | SENT |